| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS:**<br><br>Ron Satija, Chapter 7 Trustee | **DEFENDANTS:**<br><br>Kalamata Capital Group, LLC |
|---|---|
| **ATTORNEYS:** (Firm Name, Address and Telephone No.)<br><br>Lyndel Anne Vargas<br>John Hardy Rogers<br>CAVAZOS HENDRICKS POIROT, P.C.<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7344<br>Fax: (214) 573-7399<br>Email: LVargas@chfirm.com | **ATTORNEYS:** (If Known) |

| **PARTY:** (Check One Box Only)<br><br>☐ Debtor        ☐ U.S. Trustee/<br>☐ Creditor       Bankruptcy Admin<br>☒ Trustee      ☐ Other | **PARTY:** (Check One Box Only)<br><br>☐ Debtor        ☐ U.S. Trustee/<br>☒ Creditor       Bankruptcy Admin<br>☐ Trustee      ☐ Other |
|---|---|

**CAUSE OF ACTION:** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoid transfer of property under 11 U.S.C. §547; and recovery of avoided transfers under 11 U.S.C. §550(a).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/ decree
☐ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

Other:
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: $52,000.00 |

Other Relief Sought:

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR:** Davila General Contractors, LLC | | **BANKRUPTCY CASE NO.:** 21-10090 |
| DISTRICT IN WHICH CASE IS PENDING:<br><br>Western District of Texas | DIVISIONAL OFFICE:<br><br>Austin | NAME OF JUDGE:<br><br>Tony M. Davis |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF: | DEFENDANT: | ADVERSARY PROCEEDING NO.: |
| DISTRICT IN WHICH ADVERSARY IS PENDING: | DIVISIONAL OFFICE | NAME OF JUDGE: |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lyndel Anne Vargas | | |
| DATE:<br><br>        06/07/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lyndel Anne Vargas, Esq. | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| In Re: | § | |
| | § | |
| DAVILA GENERAL CONTRACTORS, LLC | § | Case No. 21-10090-tmd7 |
| | § | |
| Debtor. | § | |
| | § | |
| RON SATIJA, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| KALAMATA CAPITAL GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

## TRUSTEE'S ORIGINAL COMPLAINT AGAINST
## KALAMATA CAPITAL GROUP, LLC TO AVOID AND RECOVER PREFERENCES

COMES NOW, Ron Satija, Chapter 7 Trustee in the above-referenced case (the "Plaintiff" or "Trustee"), and files this his Original Complaint (the "Complaint") against Kalamata Capital Group, LLC (the "Defendant") and respectfully shows the following:

### PARTIES

1.      The Plaintiff is Ron Satija, in his capacity as Chapter 7 Trustee for the Debtor, Davila General Contractors, LLC (the "Debtor").

2.      Defendant Kalamata Capital Group, LLC ("Kalamata") is a Delaware limited liability company and may be served pursuant to Federal Rule of Bankruptcy Procedure 7004 by mailing, via first class postage prepaid mail, a copy of the summons and Complaint to its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding. 28 U.S.C. §§ 157 and 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (F).

4.      Venue is proper in this Court. 28 U.S.C. § 1409(a).

## BACKGROUND

5.      On February 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6.      Ron Satija was subsequently appointed as the chapter 7 Trustee.

7.      On April 14, 2021, Trustee's counsel sent a letter to Defendant advising of transfers during the 90 days prior to the Petition Date (hereafter the "Preference Period") revealed from the Debtor's bank statements and appearing to relate to a Settlement Agreement entered into by the Debtor and Kalamata in March of 2020.  In the letter, Trustee's counsel requested documentation evidencing any defense which the Defendant may have to the preference claim of the Estate against the Defendant.

8.      Defendant did not provide any response to Trustee's counsel's letter.

9.      Trustee's counsel also made calls and sent an email with further inquiries to the former attorney who had documented the settlement between the Debtor and Defendant, but never received any documentation supporting any defenses from such former counsel either.

10.      All conditions precedent to the commencement of this suit have occurred.

## AVOIDANCE OF PREFERENTIAL TRANSFER

11.      As evidenced by the Debtor's bank statements, the Trustee is informed and believes that the Debtor made the following transfers to the Defendant:

> (i)      A wire to Defendant's account at CITIBANK in the sum of $26,000.00 on November 24, 2020 from Debtor's account ending in 0941 at Broadway Bank; and

(ii)　　A second wire to Defendant's account at CITIBANK in the sum of $26,000.00 on December 1, 2020.

12.　　The Debtor had past due obligations to Defendant and had arranged these payments as settlement to pay this antecedent debt.

13.　　At the time of the transfers, Defendant was a creditor of the Debtor.

14.　　The funds sent to Defendant in the transfers were property of the Debtor.

15.　　At the time of the transfers the Debtor was insolvent.

16.　　The transfers enabled Defendant to receive more than it would have received if the Debtor had filed a proceeding under Chapter 7 of the Bankruptcy Code, the transfers had not been made, and the Defendant was paid in accordance with the provisions of Chapter 7 of the Bankruptcy Code.

17.　　The transfers to Defendant constitute a preference under Section 547 of the Bankruptcy Code and are therefore avoidable by the Trustee.

## RETURN OF VALUE OF PREFERENCE TO THE ESTATE

18.　　Defendant was the initial transferee of the transfers made by the Debtor to Defendant.

19.　　Pursuant to Section 550 of the Bankruptcy Code, the Trustee is entitled to recover the value of the transfers from the Defendant.

20.　　Defendant has failed to turnover the value of the transfers to the Trustee despite demand therefore.

21.　　The Trustee is now entitled to both return of the value of the transfers and recovery of interest and court costs resulting from failure to return the value of the transfers prior to suit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter a Judgement in favor of the Trustee and against the Defendant:

1.      Pursuant to 11 U.S.C. § 547, avoiding the transfers from the Debtor to Defendant;

2.      Pursuant to 11 U.S.C. § 550, requiring the Defendant to turnover the value of the transfers in the amount of $52,000 to the Trustee, and interest and court costs resulting from failure to return the value of the transfers prior to suit; and

3.      For such other and further relief to which he may be justly entitled.


/s/ Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
John Hardy Rogers
State Bar No. 24115647
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Ron Satija, Chapter 7 Trustee